**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| BEN H. DROSTE AND CALVIN CASH, Individually and as Class Representatives, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 3:14-cv-00467 ) |
| VERT CAPITAL CORP., WOLFF-FORDING HOLDINGS, LLC, AND WOLFF-FORDING & CO., | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE AND TRIAL**

Plaintiffs, Ben H. Droste ("Mr. Droste") and Calvin Cash ("Ms. Cash") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated,[1] hereby submit this memorandum of law in support of their motion to continue the final pretrial conference and trial.

**A.
INTRODUCTION**

This case concerns claims brought under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, on behalf of a class of virtually all former employees of Wolff-Fording & Co ("Wolff-Fording"), who were terminated without any pay or benefits for the ensuing sixty-day period in June of 2014. Furthermore, some of the class plaintiffs were not even paid in full through their last working day. Plaintiffs have made every effort to actively prosecute this case; they filed a motion for class certification and served extensive discovery requests. Plaintiff's efforts have been utterly thwarted, however. None of

---

[1] While Mr. Droste and Ms. Cash are the only Plaintiffs currently named, 54 other former employees of the defendants have retained the undersigned class counsel, Klehr Harrison Harvey Branzburg, LLP and Sands Anderson PC to directly represent them in this class action.

the defendants, which are all corporations that are precluded by well-established law from appearing before this Court *pro se*, are represented by counsel. In fact, they have not been represented by counsel for months. Thus, Plaintiffs, through no fault of their own, have been unable to prosecute their case. Plaintiffs have done all that they could do: awaited the Court's decision on its timely filed motion for class certification ("Motion for Class Certification") (Docs. 47–48, filed October 7, 2014) and motion for entry of default and proceedings to determine the amount of default judgment against all defendants ("Motion for Default") (Docs. 59–60, filed on January 5, 2015) (collectively, the "Pending Motions"). To date, the Court has not ruled on either of the Pending Motions. Notably, the Pending Motions remain uncontested. Nevertheless, the final pretrial conference and trial—currently scheduled respectively for March 2, 2015, and March 17, 2015—quickly approach.[2] Without anyone for defendants to appear for the conference and trial, and absent rulings from the Court on these pivotal Pending Motions, neither the Court nor the Plaintiffs will be able to have a meaningful pretrial conference or trial. Therefore, a continuance of the upcoming final pretrial conference, trial, and all related pretrial deadlines is necessary to permit the Court sufficient time to rule on the Pending Motions for the sake of judicial economy and to meet the ends of justice.

## B.
## PROCEDURAL HISTORY

The procedural history of this case has been previously detailed in Plaintiffs' brief in support of their Motion for Default (Doc. 59), which Plaintiffs incorporate herein. For the Court's convenience, however, Plaintiffs provide the following summary of the pertinent procedural history to aid the Court in the present motion.

---

[2] Similarly, many deadlines related to trial preparation, such as the date by which the parties must exchange witness and exhibit lists, remain scheduled and are imminent.

On September 25, 2014, the Court granted the Motion to Dismiss the Plaintiffs' First Amended Class Action Complaint filed by Vert Capital Corp. ("Vert") and Wolff-Fording, but granted Plaintiffs leave to file a second amended complaint. (Doc. 38.) The next day, on September 26, 2014, the Court scheduled a settlement conference for November 21, 2014, with Magistrate Judge David J. Novak. (Doc. 39.). Plaintiffs subsequently filed the Second Amended Class Action Complaint ("SAC") alleging violations of the WARN Act against Vert, Wolff-Fording, and, for the first time, Wolff-Fording Holdings LLC ("Wolff-Fording Holdings").[3] (Doc. 41, filed on October 3, 2014.)

As the Plaintiffs took the above-described actions to continue to prosecute their case, motions for leave to withdraw as counsel for defendants (filed by defense counsel for Vert and Wolff-Fording, John Barr, Esq. and Alison Hurt, Esq.), were pending before the Court.[4] Vert and Wolff-Fording's attorneys filed an Answer to the SAC, but this Answer failed to respond to the Plaintiffs' allegations in accordance with the Federal Rules of Civil Procedure. At best, Plaintiffs' factual allegations were countered only with a statement that "Undersigned counsel [not defendants] lack information sufficient to answer the allegations in this Paragraph." (Doc. 55.) Meanwhile, the Pretrial Order in this case entered on September 24, 2014, established, among other things, that the close of discovery would be on February 1, 2015, the final pretrial conference would be on March 2, 2015, and trial would begin on March 17, 2015. (Doc. 35.)

On October 7, 2014, Plaintiffs timely filed their Motion for Class Certification and supporting brief. (Docs. 47–48.) Responses to the Motion for Class Certification were due by the various defendants on or before October 22 and 23, 2014. Together with estranged counsel for Vert and Wolff-Fording, Plaintiffs jointly filed a Local Rule 7(E) Notice Relating to

---

[3] On October 9, 2014, Plaintiffs served Wolff-Fording Holdings with the SAC. (Doc. 53.)
[4] These motions for leave to withdraw were filed on September 19 and 22, 2014. (Docs. 31, 33.)

Plaintiffs' Motion for Class Certification, notifying the court that no oral argument was required, on October 29, 2014, (Doc. 54.)  To date, no defendant has responded to this motion.

Eventually, on November 3, 2014, the Court granted the Motions to Withdraw of Attorney Barr and Attorney Hurt, directing Vert and Wolff-Fording "to retain replacement counsel who shall enter an appearance by December 1, 2014," and that failure to do so would be "at their peril."  (Doc. 56.)  In the absence of defense counsel, on November 4, 2014, Judge Novak rescheduled the November 21, 2014 settlement conference to December 15, 2014.  Vert and Wolff-Fording failed to retain counsel by December 1, as directed by the Court.  Judge Novak subsequently cancelled the December 15 settlement conference expressly recognizing that, as a result of Vert's and Wolff-Fording's failure, "this Court cannot convene a meaningful settlement conference." (Doc. 57.)  To date, Vert and Wolff-Fording remain unrepresented by legal counsel, and their corporate officers have engaged only in empty attempts at settlement with Plaintiffs. Not only this, but the only other defendant in this action, Wolff-Fording Holdings, has not even appeared nor filed any response to any pleading, including the SAC and the Pending Motions.  Further, all of the defendants have failed to provide meaningful responses to Plaintiffs' discovery requests propounded on September 19, 2014, and the properly noticed depositions of the defendants' officers and directors, as well as anticipated third-party depositions, have been delayed indefinitely because of defendants' decision to remain unrepresented in this action.

After Plaintiffs gave defendants' corporate officers fair and sufficient warning that they would file a Motion for Default if no attorney appeared for them in this action, Plaintiffs filed the Motion for Default on January 5, 2015.  (Docs. 59–60.)  No defendant has filed a response. In accordance with its Local Rule 7(E) obligations, the undersigned counsel contacted the judges'

4

chambers on January 29, 2015, to request oral argument on the Motion for Default. Plaintiffs did so to prevent the Motion from being deemed as withdrawn. Plaintiffs' counsel spoke to the Court's administrative assistant that day, as well as to the Court's law clerk during a follow-up call on February 12, 2015. To date, Plaintiffs' counsel has not heard back from either person or the Court. Therefore, the undersigned counsel awaits directions from the Court on whether it wishes to hear argument on the Motion for Default and awaits a ruling on its Motion for Class Certification.[5]

## C.
## LEGAL ARGUMENT

Despite Plaintiffs' best efforts to move this litigation forward according to the Court's Pretrial Orders, they now find themselves on the verge of trial without obtaining a ruling from the Court on whether or not this action is a class action and without the ability to even confer with their opponents. At the very least, a ruling on the Pending Motions would obviate the limbo in which Plaintiffs find themselves.

Indeed, **first**, without these rulings, Plaintiffs will not be able to know how to comply with various requirements under the Pretrial Order. For example, without knowing whether this action will proceed as a class action, Plaintiffs cannot know how to define the scope of the evidence they must offer, including whom they must call as witnesses and which documents they must introduce.

---

[5] Plaintiffs request that this Court rule on the Motion for Class Certification **before** directing the Clerk to enter default because, for a default to be entered on behalf of not only the Plaintiffs, but also the class they seek to represent, class certification must be granted first. *See Partington v. Am. Int'l Specialty Lines Insur. Co.*, 443 F.3d 334, 340 (4th Cir. 2006). If this Court decides to deny the Motion for Class Certification, Plaintiffs respectfully request leave to amend the SAC to include every individual who has retained Plaintiffs' counsel to represent him or her in this litigation. *See* footnote 1, *supra*.

**Second,** Plaintiffs cannot meet many of the requirements under the Pretrial Order in the absence of legal representation and/or an appearance by the defendants. Specifically, with respect to Vert and Wolff-Fording, without legal counsel for them, Plaintiffs were not able to meet and confer with defendants about stipulations and uncontroverted facts by last Friday, February 20, 2015.[6] Also, unless defendants suddenly hire counsel, Plaintiffs will have no attorneys to serve with a list of their witnesses and proposed exhibits by February 27, 2015, with their proposed jury instructions by March 7, and with their voir dire questions by March 10. Furthermore, without counsel for Vert and Wolff-Fording, there is no opponent with whom Plaintiffs can properly prepare a Final Pretrial Order setting forth these stipulations, lists of exhibits, objections, discovery materials, witnesses, experts, factual contentions, and the triable issues. This makes the Final Pretrial Conference scheduled for March 2, 2015, futile. Of course, given Wolff-Fording Holding's failure to enter any appearance, i.e., default, their nonparticipation makes these pretrial steps unnecessary except as to damages. A continuance of the final pretrial conference and trial date would dispense with these unnecessary efforts and expenses so as to allow the Court sufficient time to hear argument on the Motion for Default, if the Court so desires, and to rule on that motion, as well as the Motion for Class Certification, which are both uncontested.

**Third,** in the absence of any meaningful discovery responses from Defendants, Plaintiffs will have limited information to present on damages. Plaintiffs have requested but not received payroll records for the Defendants' former employees, and Defendants refuse to provide this information. This refusal occurred even while Vert and Wolff-Fording were represented by

---

[6] Similarly, there was no counsel on which to serve Plaintiffs' list of discovery materials intended for trial by Monday, February 24, 2015. Of course, no depositions could be completed in this case because of the absence of counsel and refusal of the defendants' to reschedule their appearance.

Attorneys Barr and Hurt, so the current lack of defense counsel virtually ensures that no such information will be produced without the Court's intervention. If this Court, at a minimum, were to grant the Motion for Class Certification, Plaintiffs would be willing and able to testify about their damages, and the 54 other potential class members who have directly hired the undersigned counsel to prosecute their WARN Act claims also could similarly testify. Judicial economy, though, will be served best if any trial on damages includes the entire class of former employees. The most prudent course to this end would be to continue the Final Pretrial Conference and trial to permit the Court time to rule on the uncontested Pending Motions, and, if the Court grants them, hold proceedings on the issue of damages as to the entire class of former workers.[7]

**Fourth**, the Pending Motions are meritorious, supported by the law, and by affidavits (in the case of the Motion for Default), and have not been challenged by any defendant. This lack of opposition to the relief sought in the Pending Motions favors Plaintiffs, as does the defendants' overall evasiveness in defiance of this Court's orders and admonitions and in violation of the *Federal Rules of Civil Procedure*. At most, after the withdrawal of defense counsel, some of the defendants' directors and officers have had communications with Plaintiffs during which the concept of settlement was only generally discussed. Also during at least one discussion, one of the defendants' directors admitted to Plaintiffs' counsel that defendants would not consider hiring an attorney to enter an appearance unless and until Plaintiffs filed a Motion for Default, and maybe not even then. Accordingly, defendants' behavior can be described as nothing other than deliberately defiant of the Court's Order and dismissive of the Court's authority.

---

[7] If the Court does not grant the Motion for Class Certification, at the least, then Plaintiffs will know they must amend their complaint to include the 54 individuals who have retained the undersigned counsel directly.

Given the foregoing, it is apparent that the Pending Motions are ripe for the Court's ruling, and that good cause exists for the Court to continue the imminent Final Pretrial Conference and trial until the Court has issued that ruling.

## D.
## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request a continuance of the final pretrial conference and trial pending the Court's ruling on the Motion for Class Certification and Motion for Default, and for all other relief as the ends of justice may require.

Dated:  February 23, 2015  Respectfully submitted,

**BEN H. DROSTE AND CALVIN CASH,**
**Individually and as Class Representatives**

By:   /s/ *C. Michael DeCamps*
C. Michael DeCamps (VSB No. 15066)
Faith Alejandro (VSB No. 80076)
SANDS ANDERSON PC
Bank of America Center
1111 East Main Street, Suite 2400
Richmond, VA  23219-3500
Phone:  (804) 783-7297
E-Mail:  mdecamps@sandsanderson.com
E-Mail: falejandro@sandsanderson.com
*Attorneys for Plaintiffs*

Charles A. Ercole (PA Bar No. 69192)*
Lee D. Moylan (PA Bar No. 80915)*
KLEHR HARRISON HARVEY
BRANZBURG, LLP
1835 Market Street, 14th Floor
Philadelphia, PA  19103
Phone:  (215) 569-2700
E-Mail:  cercole@klehr.com
E-Mail:  lmoylan@klehr.com
*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

8

**CERTIFICATE OF SERVICE**

I, C. Michael DeCamps, hereby certify that on February 23, 2015, I caused a true and correct copy of Plaintiffs' Memorandum of Law in Support of to continue final Pretrial Conference and Trial, to be served on the following

**Via regular mail:**

Wolff-Fording Holdings, Inc.
c/o The Corporation Trust Company as Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Wolff-Fording & Co.
c/o Mr. Richard Shuster, President and CEO
c/o Vert Capital Corp.
19051 W. Pico Blvd.
Los Angeles, CA 90064

Vert Capital Corp.
c/o Incorp Services, Inc. as Registered Agent
1201 Orange Street, Suite 600
One Commerce Center
Wilmington, DE 19899

Mr. Adam Levin, Director
Vert Capital Corp., Wolff-Fording Holdings, Inc. and Wolff-Fording & Co.
Vert Capital Corp.
19051 W. Pico Blvd.
Los Angeles, CA 90064

/s/ C. Michael DeCamps
C. Michael DeCamps (VSB No. 15066)
Faith Alejandro (VSB No. 80076)
SANDS ANDERSON PC
Bank of America Center
1111 East Main Street, Suite 2400
Richmond, VA  23219-3500
Phone:  (804) 783-7297
E-Mail:  mdecamps@sandsanderson.com
E-Mail: falejandro@sandsanderson.com
*Attorneys for Plaintiffs*